**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OPHY FLEMMING, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-2130 (GC) (RLS) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES ATTORNEY, | : | **OPINION** |
| DISTRICT OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**CASTNER, District Judge**

### I.      INTRODUCTION

Plaintiff, Ophy Flemming ("Plaintiff" or "Flemming"), is a state prisoner currently incarcerated at the Bayside State Prison in Leesburg, New Jersey. He is proceeding *pro se* with a civil Complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Plaintiff has also filed a Motion for the Appointment of Pro Bono Counsel. (*See* ECF 3). Previously, this Court granted Plaintiff's request to proceed *in forma pauperis*. (*See* ECF 2).

The allegations of the Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit.  For the following reasons, Plaintiff's Complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff's Motion for the Appointment of Pro Bono Counsel shall be denied without prejudice as well.

## II. BACKGROUND

The allegations of Plaintiff's Complaint shall be construed as true for purposes of this screening Opinion. Plaintiff sues various Defendants alleging that in 1999/2000 he was sentenced in the Monmouth County Drug Court. (*See* ECF 1 at 3). Plaintiff asserts that as part of his sentence, his conviction would be expunged upon Plaintiff graduating from Drug Court in 2005. (*See id.*). However, Plaintiff states that his conviction was not expunged from his record. (*See id.*). Plaintiff seeks monetary damages and injunctive relief. (*See id.* at 5).

## III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff seeks relief in part under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

Section 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions.[1] *See Patyrak v. Apgar,* 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police,* 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose,* 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.,* 937 F.2d 899, 919 (3d Cir.1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick,* 444 U.S. 111, 120 (1979)).

Plaintiff's Complaint states that upon his graduation from Drug Court in 2005, his conviction should have been expunged. He did not bring this action though until 2022, or seventeen years later. Presumably, his claim began to accrue when he graduated from Drug Court in 2005. Thus, *assuming arguendo for purposes of this Opinion only* he can get relief under § 1983 for the failure to expunge that record against the Defendants, his Complaint is clearly untimely by approximately fifteen years.

Given this finding though, Plaintiff's Complaint can still be considered timely if the statute of limitations is tolled. With respect to whether the statute of limitations should be tolled, "'[s]tate law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States,* 392 F. App'x 938, 944 (3d Cir.

---

[1] To the extent that Plaintiff is asserting his claims under the New Jersey Civil Rights Act ("NJCRA"), the statute of limitations for those claims is also two years. *See Lane v. Div. of Child Protection and Permanency,* No. 22-4238, 2023 WL 22426, at *3 (D.N.J. Jan. 3, 2023) (citation omitted) (noting NJCRA has same two-year statute of limitations as § 1983).

4

2010) (quoting *Dique,* 603 F.3d at 185). New Jersey sets forth certain circumstances for applying "statutory tolling." *See, e.g.,* N.J. Stat. Ann. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. Ann. § 2A:14–22 (detailing tolling because of non-residency of persons liable). Plaintiff's Complaint though, as pled, does not allege any basis for statutory tolling.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't,* No. 10–0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State,* 347 N.J. Super. 11, 31, (N.J. Sup. Ct. App. Div. 2002)). Plaintiff's Complaint though also does not allege any basis for this Court to equitably toll the applicable two-year statute of limitations.

Based on the above discussion, it is apparent from the face of the Complaint that Plaintiff's claims are time-barred and must therefore be dismissed. *See Ostuni,* 532 F. App'x 111–12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where the defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) (B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson,* 435 F.3d 1252, 1258 (10th Cir. 2006)). This dismissal will be without prejudice. Plaintiff may file a proposed amended complaint that demonstrates a basis for tolling the applicable two-year statute of limitations within thirty days should he elect to do so that will also be subject to this Court's *sua sponte* screening.

## V. MOTION FOR THE APPOINTMENT OF PRO BONO COUNSEL

Plaintiff has also filed a Motion for the Appointment of Pro Bono Counsel. (*See* ECF 3). A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the Plaintiff's claim has arguable merit in fact and law. *Id.* at 155. Given the untimeliness of Plaintiff's Complaint for the reasons stated above, Plaintiff is not entitled to the appointment of pro bono counsel at this time. Therefore, the Motion will be denied.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted due to untimeliness. Plaintiff may elect to file a proposed all-inclusive amended complaint that will still be subject to this Court's *sua sponte* screening which states why his Complaint should be considered timely within thirty (30) days should he elect to do so. Plaintiff's Motion for the Appointment of Pro Bono Counsel is denied without prejudice. An appropriate Order shall be entered.

DATED: May 31, 2023

_____
GEORGETTE CASTNER
United States District Judge